UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

MOHAMMED KEITA,

                Plaintiff,

         -against-

AMERICAN SECURITY INSURANCE
COMPANY & WEISBROD MATTEIS &
COPLEY PLLC,

                Defendants.

------------------------------------------------------------- x

MEMORANDUM & ORDER

17-cv-879 (ENV) (ST)

VITALIANO, D.J.

On October 26, 2017, the Court dismissed *pro se* plaintiff Mohammed Keita's initial complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), but gave him leave to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. On November 14, 2017, Keita filed an amended complaint against defendants American Security Insurance Company ("ASIC") and Weisbrod, Matteis, & Copley PLLC ("Weisbrod"). Although *in forma pauperis* status is granted for purposes of this order, for reasons explained below, Keita's amended complaint is dismissed.

## Background

In his putative amended complaint, Keita professes entitlement to proceed on the strength of diversity. With little elaboration, he alleges what can best be described as a breach of insurance contract claim against ASIC. Dkt. No. 20 at 1-2, ¶s 3-5. But, as with his initial complaint, what little is alleged is insufficient to state a claim.

1

Discussion[1]

The first order of business in reviewing the legal sufficiency of a complaint is to assess whether subject matter jurisdiction is present; if not, the review and the case are at an end.[2] Fed. R. Civ. P. 12(h)(3); *see Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 58 (2d Cir. 1997) (federal court must dismiss complaint, *sua sponte*, if subject matter jurisdiction is lacking); *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where jurisdiction is lacking, . . . dismissal is mandatory." (citation omitted)). A review of the allegations in the amended complaint closes the courthouse door to this action, for the invoked diversity jurisdiction does not exist on what is pleaded.

Right at the start, the amended complaint asserts nothing regarding the citizenship of the Weisbrod law firm, which may be intentional since it is, presumably, a New York law firm and would defeat diversity jurisdiction given plaintiff's New York citizenship. It does not matter; whether deliberate or a pleading omission, Keita's attempt to invoke diversity jurisdiction fails. Moreover, the amended complaint is also silent about the citizenship of the corporate defendants, which is determined by their place of incorporation and principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192-93, 175 L.Ed.2d 1029 (2010). Taken as a

---

[1] Plaintiff has filed a boatload of *pro se in forma pauperis* complaints over a long period of time. This is one of a batch filed at or about the same time. Almost all of his complaints have been dismissed. He has been well-advised of the requirement to plausibly plead facts, the solicitude offered to the self-represented, and the court's obligation under § 1915 to ensure orderly justice and protect defendants in IFP actions from frivolous suits. Keita continues to ignore this advice. For the reasons stated at pages 2-3 in *Keita v. Bank of America*, 17-cv-877, slip. op. (August 5, 2018), the standards by which the amended complaint is reviewed will not again be stated but they, and the solicitude referenced there, are extended to him here.

[2] Weisbrod and ASIC have both appeared. In light of the Court's sua sponte dismissal of the complaint, Weisbrod's now pending motion to dismiss and ASIC's motion to dismiss for lack of prosecution are denied as moot.

whole, the amended complaint makes absolutely no showing that Kita's citizenship is different from that of any other defendant. Diversity jurisdiction, accordingly, fails across the board. 28 U.S.C. § 1332(a)(1); *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

In any event, even if diversity jurisdiction were present, the amended complaint would not be saved from dismissal since its pleading is in adequate to state a plausible claim against anyone. For instance, the amended complaint pleads that two of Keita's properties were insured by ASIC, and that those properties were damaged by Hurricane Sandy, which struck Staten Island and the metro region in 2012. His grievance is that the "two claims were manipulated by the defendant." Dkt. No. 20 at 1-2. Keita then baldly asserts that his neighbors were paid but he was not. Dkt. No. 20 at 1-2. Yet, Keita offers no factual content to show, or permit a reasonable inference, that an insurance contract was breached. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Indeed, this pleading is exactly what *Iqbal* warned against – an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). The attempted pleading of this claim falls well short of what *Iqbal* teaches Rule 8 requires and Keita was advised on the dismissal of the original complaint he needed to provide. Bluntly, he offers no facts to allow the "defendant[s] to have a fair understanding of what [he] is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

Lastly, given the foregoing analysis and the likely insurmountable obstacle to diversity jurisdiction, the Court determines that affording Keita the opportunity for another amendment would be futile. *See Terry v. Incorporated Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). If anything, Keita has benefited from an overabundance of solicitude in this case. To ensure

efficient, fair, and orderly justice and to protect defendants from a frivolous federal lawsuit brought by a plaintiff proceeding IFP under § 1915, dismissal without prejudice is appropriate.

## Conclusion

For the reasons stated above, all claims are dismissed, without prejudice for want of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Although leave to amend his federal complaint is denied, he does, of course, have leave to file state claims in a state court of appropriate jurisdiction, if as forewarned of their dubious substantive merit, he believes he can do so in good faith.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this memorandum and order to plaintiff, to enter judgment accordingly, and to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
August 5, 2018

                                          /s/ Hon. Eric N. Vitaliano, U.S.D.J.
                                          ERIC N. VITALIANO
                                          United States District Judge