```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
                                                            :
MOHAMMED KEITA,                                             :
                                                            :          MEMORANDUM & ORDER
                                       Plaintiff,           :
                                                            :          17-cv-879 (ENV) (ST)
           v.                                               :
                                                            :
AMERICAN SECURITY INSURANCE                                 :
COMPANY,                                                    :
                                                            :
                                       Defendant.           :
                                                            x
-----------------------------------------------------------
```

VITALIANO, D.J.

    *Pro se* plaintiff Mohammed Keita, a serial litigant in this District, brings this action against American Security Insurance Company ("ASIC"), seeking to recover additional insurance proceeds from ASIC for property damage caused by Hurricane Sandy. Following Keita's partially successful appeal from a judgment dismissing his lawsuit, ASIC answered plaintiff's amended complaint and then moved, pursuant to Rule 12(c), for judgment on the pleadings with respect to the surviving claims.

    For the reasons that follow, ASIC's motion is granted and the amended complaint is dismissed.

Background

    The parties' familiarity with both the underlying facts of the amended complaint and the procedural history of this action is presumed and neither will be repeated unless helpful to context.

1

On remand, ASIC sought permission to move, for a second time, to dismiss plaintiff's breach of contract claims under Rule 12(b)(6). Keeping faith with the Second Circuit's mandate, the Court denied ASIC's request and directed it to answer the amended complaint. Embarking on an altered course, on April 8, 2021, ASIC filed its answer and simultaneously moved for judgment on the pleadings under Rule 12(c). *See* Dkts. 67, 69. Though, in the interim, plaintiff submitted eight letters to the Court that attached, without explanation, additional materials seemingly related to the surviving claims, *see* Dkts. 71, 72, 74, 75, 76, 77, 79, 83, he never responded to ASIC's Rule 12(c) motion.

## Applicable Law

Where, as here, a Rule 12(b)(6) motion to dismiss is timely made and denied, a defendant may, after close of the pleadings, again seek dismissal through Rule 12(c). *See, e.g.*, *Red Fort Cap., Inc v. Guardhouse Prods. LLC*, 397 F. Supp. 3d 456, 466 (S.D.N.Y. 2019); *Adamou v. Doyle*, 2017 WL 5508916, at *1 (S.D.N.Y. Mar. 9, 2017), *rev'd on other grounds*, 707 F. App'x 745 (2d Cir. 2018). The legal standards applicable to a Rule 12(c) motion to dismiss are identical to those of a Rule 12(b)(6) motion to dismiss—that is, the Court must accept factual allegations as true, draw all inferences in favor of the non-movant, and liberally construe *pro se* pleadings, *see Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001)—except that Rule 12(c) "implicat[es] the pleadings as a whole," *Delaney v. City of Albany*, 2014 WL 701637, at *2 (N.D.N.Y. Feb. 24, 2014) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1369 (3d ed. 2013)). A defendant may, therefore, plead new allegations in its answer—and, correspondingly, make new arguments in its Rule 12(c) motion— not previously considered that can warrant dismissal under Rule 12(c), which the Court may properly consider without converting the motion into one for summary judgment. *See Rusis v.*

*Int'l Bus. Machines Corp.*, 529 F. Supp. 3d 178, 191 (S.D.N.Y. 2021); *Harper v. City of New York*, 2013 WL 432599, at *1 (S.D.N.Y. Jan. 31, 2013) ("[B]ecause it is a motion for judgment on the pleadings, the Court . . . need not ignore the well-pleaded allegations of the answer that are not controverted in the Plaintiff's pleading.").

Discussion

Construed liberally, Keita's amended complaint alleges that two properties he owned, which were located at 859 and 863 Father Capodanno Blvd. on Staten Island, were severely damaged in 2012 during Hurricane Sandy. Am. Compl., Dkt. 20, ¶ 4. Plaintiff claims that both of these properties were insured under flood insurance policies issued by ASIC when the damage occurred. *Id.* ¶ 3–4. In this action, he seeks recovery under the insurance policies for those losses. *Id.* ¶ 4–5. Specifically, he demands damages in the amount of $250,000 for the 859 property and $165,000 for the 863 property. *Id.* ¶ 5.[1]

The flood insurance policies which animate and give plausibility to Keita's pleading of his claims are fatal to those very same claims. These policies include contractual provisions that limit the time within which an insured may bring suit against ASIC. As amended by the "New York Special Provisions," the policies state: "No action shall be brought unless . . . the action is started within two years *after the occurrence causing loss or damage*." Dkt. 55, Ex. A at New York Special Provisions ¶ 15, Ex. B at New York Special Provisions ¶ 15 (emphasis added). Particularly detrimental to Keita's claims is the fact that these "special provisions" replaced a more boilerplate limitations provision that read: "No actions shall be brought unless . . . the

---

[1] The two flood insurance policies under which plaintiff asserts his claims, *see* Dkt. 55, Ex. A, Ex. B, are properly before the Court because they are integral to plaintiff's breach of contract claims. *See, e.g.*, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).

action is started within one year *after the date of loss*." Dkt. 55, Ex. A at 6 ¶ 15, Ex. B at 6 ¶ 15 (emphasis added).

The policy limitations applicable to Keita's claims are valid and enforceable. As a general matter, two-year limitations periods in insurance policies are regularly upheld and enforced by courts applying New York law. *See Pfeffer v. Harleysville Grp., Inc.*, 2011 WL 6132693, at *7 (E.D.N.Y. Sept. 30, 2011), *aff'd,* 502 F. App'x 28 (2d Cir. 2012) (collecting cases). Although a "generic" limitations period typically begins to run from the date the cause of action accrues, parties can use precise language to tie the limitations period to the date the accident or damage occurred. *See Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 91–92 (2d Cir. 2010); *compare id.* (interpreting policy requiring insured to bring suit within two years "after the date of loss" as referring to "the date on which the cause of action accrues—that is, the date on which all the conditions precedent to bringing a claim have been satisfied"), *with Classic Laundry & Linen Corp. v. Travelers Cas. Ins. Co. of Am.*, 739 F. App'x 41, 43 (2d Cir. 2018) (interpreting policy requiring insured to bring suit within two years "after the date on which the direct physical loss or damage occurred" as referring to "the date of the physical loss, casualty, or accident, not the day on which the insured's claim accrued").

Here, the flood insurance policies tie the limitations period to "*the occurrence causing loss or damage*," which unambiguously refers to the date on which the loss or damage insured against materialized—in this case, the date that Keita's properties were flooded. This is not generic or boilerplate language. Accordingly, the two-year limitations period began to run on the date that plaintiff's properties were damaged by Hurricane Sandy. As alleged in the amended complaint, the losses "occurred between October 26, 2012 [and] November 15, 2012," Am. Compl. ¶ 4. Therefore, Keita was obligated under the express terms of the agreements to file an

4

action against ASIC by November 15, 2014, at the latest. Yet, he did not commence the instant action until February 13, 2017, more than two years after this period expired and more than four years after the flood damage had occurred.

What's more, even if the limitations provisions could be construed as referring to the date plaintiff's action accrued, his claims would still be time-barred. ASIC had investigated and decided all nine of plaintiff's claims—issuing payment for one and denying the remaining eight—by September 3, 2013,[2] leaving plaintiff a full year to timely challenge ASIC's claim denials in court. *See Fabozzzi*, 601 F.3d at 93.

The conclusion that Keita's action is barred by the limitations provision is, furthermore, unaffected by the parties' participation in New York's Storm Sandy Mediation Program, which ended in an impasse. Am. Compl. ¶ 5; Answer, Dkt. 67, ¶ 5.[3] It is well-established that under New York law, "[a]n insured is bound by the terms of the contract and can protect itself by either beginning an action before expiration of the limitation period or obtaining from the carrier a waiver or extension." *Grumman Corp. v. Travelers Indem. Co.*, 288 A.D.2d 344, 345, 733 N.Y.S.2d 464, 465 (2001) (quotations and citations omitted). Here, the mediation was initiated

---

[2] *See* Dkt. 55, Ex. L (11/21/2012 explanation of payment), Ex. M (8/16/2013 denial letter), Ex. N (8/16/2013 denial letter), Ex. O (8/23/2013 denial letter), Ex. P (3/1/2013 denial letter), Ex. Q (2/20/2013 denial letter), Ex. R (8/28/2013 denial letter), Ex. S (8/22/2013 denial letter), Ex. T (9/3/2013 denial letter). All of these documents are, again, integral to Keita's claims and are properly before the Court on ASIC's motion for judgment on the pleadings. *See L-7 Designs*, 647 F.3d at 422.

[3] As the materials attached to the amended complaint make clear, *see* Am. Compl., Ex. C at 11, Keita's ability to pursue mediation arose from New York State insurance regulations, not the policies, which contain no provision addressing the use or effect of mediation on disputes regarding the policies. Nor do the regulations purport to toll a limitations period on insurance claims already lost to limitations. To start, an insurer's participation in the mediation program is immaterial with respect to policy provisions that establish time limitations on an insured's claim for breach of contract.

in or around June 2015, *i.e.*, nearly one year after the limitations period had already expired. *See* Am. Compl. ¶ 5; Answer ¶ 5. Moreover, both policies state that all waivers or modifications of policy provisions "must be in writing by [ASIC] to be valid," Dkt. 55, Ex. A at 6 ¶ 21, Ex. B at 6 ¶ 21, and no such written waiver or extension is alleged here. *See, e.g.*, *Allman v. UMG Recordings*, 530 F. Supp. 2d 602, 608 (S.D.N.Y. 2008) (upholding written waiver provision and finding limitations provision was not waived). There is, accordingly, no basis to conclude that ASIC waived or otherwise affected the limitations provision by participating in a statutorily-created mediation program after the two-year period had expired.

Under New York law, "[f]ailure to comply with a contractual limitations period 'will subject the action to dismissal, absent proof that the limitations provision was obtained through fraud, duress, or other wrongdoing.'" *Malmsteen v. Universal Music Grp., Inc.*, 2012 WL 2159281, at *6 (S.D.N.Y. June 14, 2012) (quoting C.P.L.R. § 201). Although plaintiff makes the conclusory allegation that his claims were "manipulated" by ASIC, Am. Compl. ¶ 4, this assertion lacks an iota of factual support in the pleadings. And, in any event, this allegation does not suggest that ASIC obtained the *limitations provisions* through manipulation; it pertains solely to the claims plaintiff submitted after the policies were in effect. As a consequence, plaintiff failed to comply with the enforceable and unambiguous two-year limitations periods in his ASIC policies, and because nothing in the pleadings explains or excuses plaintiff's delay, this action is time-barred by these policy provisions.

Conclusion

For the foregoing reasons, ASIC's unopposed motion for judgment on the pleadings is granted and plaintiff's amended complaint is dismissed with prejudice.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff, to enter judgment accordingly, and to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York

December 9, 2021

*/s/ Eric N. Vitaliano*

ERIC N. VITALIANO

United States District Judge